IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZACKERY J. ASKINS,

    **Plaintiff,**

    v.                                    CASE NO. 25-3238-JWL

RESEARCH MEDICAL CENTER,

    **Defendant.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff Zackery J. Askins is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed for failure to state a claim.

**I. Nature of the Matter before the Court**

Plaintiff is a military prisoner confined at the Midwest Joint Regional Corrections Facility at Fort Leavenworth, Kansas. The Court granted Plaintiff's motion for leave to proceed in forma pauperis (Docs. 2, 5).

Plaintiff titles his complaint "Suit Under the Federal Tort Claims Act." (Doc. 1, at 1.) He names the defendant as Research Medical Center ("Research"), stating Research is located in Kansas City, Kansas. Plaintiff alleges that he was treated at Research from January through May of 2024. *Id.* He asserts that Research and its agents were malicious, criminal, grossly negligent, and committed malpractice while treating him. *Id.* at 2.

Plaintiff names Research as the sole defendant. For relief, Plaintiff seeks a total of $5 million in damages.

**II. Statutory Screening**

The Court is required to dismiss a case filed by a plaintiff proceeding in forma pauperis:

1

>   at any time if the court determines that—
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal—
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's

complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

Plaintiff does not state a claim under the Federal Tort Claims Act ("FTCA"). The FTCA, 28 U.S.C. §§ 1346(b)(1), 2671–2680, "allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties." *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (citing § 1346(b)(1)). "The United States is the only proper defendant in an FTCA action." *Smith v. U.S.*, 561 F.3d 1090, 1099 (10th Cir. 2009) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)). Plaintiff has not named the United States as a defendant and does not assert that Research is a federal institution with federal employees. In fact, Research is not a government

facility; it is owned by HCA Midwest Health.[1]  For that reason, Plaintiff does not state a claim under the FTCA, and this case is subject to dismissal.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **January 22, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for failure to state a claim under the FTCA.

**IT IS SO ORDERED**.

**Dated December 22, 2025, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE

---

[1] See www.hcamidwest.com/locations/research-medical-center/about-us.